WM. G. GRINDER VS. THE STATE — Appeal from Fannin County.

By the constitution of the republic of Texas, the common law was made the rule of decision in all criminal cases, not provided for by legislative enactment.

There is no law known to this court which would subject the owner of a slave, executed for murder, to the payment of the costs incurred in the prosecution of the slave.

*Everts*, for appellant.
*Harris*, Attorney General, for the state.

The facts of the case are stated in the opinion of the court, delivered by Mr. Justice LIPSCOMB.

It appears from the record in this case, that a slave, belonging to the appellant, was indicted, tried and convicted, in [**339**] the district court of Fannin county, for the murder of a white man, and executed. A *scire facias* issued from the court, certifying to the appellant the above facts, and calling on him to show cause why judgment should not be entered against him in favor of the state, for all the costs accruing on the prosecution.

He failed to appear, and a *nisi* judgment was awarded. The defendant appeared at the same term, before a final judgment had been rendered, and filed a demurrer to the *scire facias*. The demurrer was subsequently overruled, and judgment rendered against the defendant for all the costs consequent on the trial, conviction and execution of his slave, from which he appealed to this court.

That the *scire facias* showed no legal grounds for a judgment

against the appellant cannot be doubted.  It was a proceeding altogether unauthorized by any law known to this court. Whether it could be sustained where the civil law prevails is a question with which we have nothing at all to do.

The common law in criminal cases, not provided for by legislative enactment, was introduced by the constitution of the republic, and is still the law.  The state, in the prosecution of the slave belonging to the appellant, sought no pecuniary compensation; all that was asked was satisfaction for her violated laws; and this not at the hands of the owner of the slave, but from the person of the offender.  Public justice was satisfied in the person of the slave, by the highest and most solemn atonement the majesty of the law could demand — the life of the offender.  Had there been no appearance nor defense on the part of the appellant, there was nothing in law to authorize a judgment against him.  The demurrer, then, ought to have been sustained; and for this error in the court below, in overruling it and giving judgment against the appellant, the judgment is reversed and the cause dismissed.